IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| DANIELA OMOKWALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| BAYLOR UNIVERSITY – LOUISE | § | |
| HERRINGTON SCHOOL OF NURSING, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT BAYLOR UNIVERSITY – LOUISE HERRINGTON SCHOOL OF NURSING'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Baylor University – Louise Herrington School of Nursing ("Baylor" or the "University") files its Notice of Removal of this action from the 298th Judicial District Court, Dallas County, Texas, Cause No. DC-23-00482, styled *Daniela Omokwale v. Baylor University – Louise Herrington School of Nursing*, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice, Baylor states as follows:

**I.**
**FILINGS IN THE STATE COURT**

In accordance with 28 U.S.C. § 1446(a) and Northern District Local Rule 81.1, all state court filings to date have been indexed and attached hereto as **Exhibit A**.

**II.**
**BASIS FOR REMOVAL OF ACTION**

1.       Plaintiff is Daniela Omokwale ("Omokwale"). Baylor University – Louise Herrington School of Nursing is the sole Defendant.

2.       On January 11, 2023, Ms. Omokwale commenced this action against the University by filing her Original Petition (the "Petition") in the 298th Judicial District Court, Dallas County, Texas (the "State Court Lawsuit"). *See* **Exhibit A-2**.

3.       The University, through its counsel, accepted service of the Petition on February 9, 2023.

4.       In the Petition, Ms. Omokwale asserts a single breach of contract claim for the University's alleged failure to "accommodate [her] disability." **Exhibit A-2**, ¶ 10.3. Ms. Omokwale asserts that on January 11, 2021, she and the University allegedly entered into a contract consisting of a "tuition agreement, enrollment agreement, and partly of oral promises" made by the University. **Exhibit A-2**, ¶ 6. She claims that as part of that contract, the University allegedly agreed to accommodate her disability of rheumatoid arthritis. *See* **Exhibit A-2**, ¶¶ 8, 10.1. Ms. Omokwale alleges that the University breached this contract "by failing [to] accommodate [her] disability." **Exhibit A-2**, ¶ 10.3. The Petition does not attach the alleged contract or otherwise define the nature of the alleged agreement to accommodate her disability. The Petition fails to state whether Ms. Omokwale's disability was known to the University and further fails to state how the University failed to accommodate her disability.

5.       Although styled as a breach of contract claim, in reality, Ms. Omokwale appears to be attempting to enforce a right to accommodation of her disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, or Section 504 of the Rehabilitation Act of

1973 ("Section 504"), 29 U.S.C. § 794.[1] *See* **Exhibit A-2**, ¶ 10.3. This case then is properly removed to federal court since it would be, in reality, an action arising under a law of the United States.

6.      Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441, removal of a case from state court to federal court is appropriate when a plaintiff's complaint makes a claim "arising under" federal law. In determining whether federal-question jurisdiction is present, the Supreme Court follows the "well-pleaded complaint rule," which looks to whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists in cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In making determinations under the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22.

7.      While Ms. Omokwale purports to assert a breach of contract claim in the Petition, the character of her petition is that Baylor allegedly failed to accommodate her disability while she was a student, which intends to present an alleged violation of the ADA or Section 504. *See Doe v. Texas A&M Univ.*, No. H-21-3728, 2022 WL 5250294, at *10 (S.D. Tex. Oct. 6, 2022) (discussing the obligations under the ADA and Section 504 to make reasonable accommodations

---

[1]      The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §§ 12131–12134. Under Section 504, "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C § 794(a).

for disabled individuals) (citation omitted). As a result, this case is properly removed to federal court. For example, in *Flowerette v. Heartland Healthcare Center*, the plaintiff did not mention the ADA in her initial petition, and instead alleged a violation of the Texas Labor Code when she was terminated in retaliation for seeking worker's compensation for her disability. *Flowerette v. Heartland Healthcare Center*, 903 F. Supp. 1042, 1043 (N.D. Tex. 1995). The court stated that while there was no specific mention of the ADA in the plaintiff's petition, "a close examination of the petition reveals that the substance of her claims are federal in character" because the plaintiff made an allegation that the defendant terminated her "based upon her disability or defendant's perception of [her] disability," which "clearly states a violation of the ADA." *Id.* at 1044. The court held that the original petition "satisfie[d] the well-pleaded complaint rule" because the character of the claims was in federal law and that removal to federal court would have been appropriate on these facts. *Id.* at 1045–46. Ultimately, however, the court granted the plaintiff's motion to remand finding that the defendant had failed to timely remove the case, despite the fact that the initial pleading had stated a federal claim. *Id.*

8.      Like in *Flowerette*, Ms. Omokwale does not specifically mention the ADA or Section 504 in her Petition, but she alleges that Baylor "has failed to accommodate [Ms. Omokwale's] disability of rheumatoid arthritis." **Exhibit A-2**, ¶ 8. Consequently, the character of her purported claim is actually in the ADA or Section 504 and not in state law, making removal to federal court appropriate. *See also Nichols v. Jazz Casino Co., LLC*, No. 19-2248, 2019 WL 4509489, at *2 (E.D. La. Sept. 19, 2019) (holding that removal was appropriate where "under a straightforward reading of the complaint, the [ADA and ADEA] are pleaded in allegations constituting independent causes of action arising under federal law").

9.      Even if Ms. Omokwale could pursue her claim as a breach of contract, removal would still be appropriate because resolution of the claim would turn on interpretation of the obligations to accommodate under the ADA or Section 504. For example, in *Untermyer v. College of Lake County*, a student plaintiff also brought a breach of contract claim against his college for allegedly failing to accommodate his disability based on a contract allegedly created from the college's course catalog. *Untermyer v. Coll. of Lake County*, 284 F. App'x 328, 329 (7th Cir. 2008). The Seventh Circuit affirmed the district court's determination that the basis of the claim was in the Rehabilitation Act and the ADA because the course catalog merely stated that the college complies with those Acts in providing services to students with disabilities. *Id.* The Seventh Circuit concluded, however, that even a contractual claim based on the language of the course catalog referencing the Rehabilitation Act and the ADA would "still arise under federal law" and was properly removed. *See id.* at 330–31.

10.      Like in *Untermyer*, Ms. Omokwale's claim for breach of contract would still arise under federal law because it would require the court to interpret the ADA or Section 504 in order to make a determination as to whether the University breached the alleged contract by failing to accommodate her disability. This means that Ms. Omokwale's claim "necessarily depends on resolution of a substantial question of federal law," which supports removal to federal court. *Franchise Tax Bd.*, 463 U.S. at 27–28. Further, to the extent Ms. Omokwale has properly pleaded a breach of contract claim that is separate and apart from a claim of failure to accommodate under the ADA or Section 504, such a claim appears to be based on the same nucleus of facts that form the basis of any federal claim, such that the claims would be so related and identical that they form part of the same case or controversy. Thus, exercise of supplemental jurisdiction over a breach of contract claim under 28 U.S.C. § 1367 would be proper if the breach of contract claim were valid.

11.     In conclusion, because the Petition purports to allege a violation of federal law or necessarily depends on resolution of a substantial question of federal law, the University removes this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

12.     The University timely files this Notice of Removal within the thirty (30) days of its receipt of the Petition as required by 28 U.S.C. § 1446(b).

13.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this district.

14.     The University will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing Notice of Removal, with the clerk of the state court where the action has been pending.

### III.
### STATE COURT FILINGS

15.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of the following items are attached to this Notice of Removal:

> A.     An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (*See* **Exhibit A**);
>
> B.     A copy of the docket sheet in the state court action (*See* **Exhibit A-1**);
>
> C.     Each document filed in the state court action, except discovery material (*See* **Exhibits A-2 – A-3)**; and
>
> D.     A separately signed certificate of interested persons that complies with Local Rules 3.1(c) or 3.2(e).

### IV.
### CONCLUSION

16.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of the University's rights to assert any defenses to Plaintiff's causes of action or grounds for removal.

17.     If any question arises as to the propriety of the removal of this action, the University requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

18.     Because Ms. Omokwale has attempted to assert federal claims in her Petition or claims that or necessarily depend on resolution of a substantial question of federal law, the University asks the Court to accept removal of this lawsuit.

Respectfully submitted,

*/s/      Adam Rothey*
CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

EMILY C. ADAMS
eadams@thompsonhorton.com
State Bar No. 24131209

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
972-853-5115 Telephone
972-692-8334 Facsimile

*Attorneys for Defendant*
*Baylor University – Louise Herrington*
*School of Nursing*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing pleading has

been served upon all parties via the Court's e-filing system on February 15, 2023.

Marianne Howland
DUFFEE + EITZEN LLP
4311 Oak Lawn Avenue
Suite 600
Dallas, Texas 75219

*/s/       Adam Rothey*
K. ADAM ROTHEY