IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIELA OMOKWALE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 3:23-cv-00354-X |
| BAYLOR UNIVERSITY – LOUISE HERRINGTON SCHOOL OF NURSING, | § § § | |
| *Defendant.* | § § § | |

---

**DEFENDANT BAYLOR UNIVERSITY – LOUISE HERRINGTON
SCHOOL OF NURSING'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPPORT**

---

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

EMILY C. ADAMS
eadams@thompsonhorton.com
State Bar No. 24131209

**THOMPSON & HORTON LLP**
Ross Tower
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendant*
*Baylor University – Louise Herrington*
*School of Nursing*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................................iii

SUMMARY OF ARGUMENT ........................................................................................................1

RELEVANT FACTUAL ALLEGATIONS .....................................................................................1

STANDARD OF REVIEW..............................................................................................................2

ARGUMENT AND AUTHORITIES...............................................................................................3

I.      Ms. Omokwale's breach of contract claim against the University should be dismissed
        because she fails to plead the existence of a valid contract and fails to plead a specific
        breach of that contract by the University. .........................................................................3

        A.      Ms. Omokwale has failed to plead the existence of a valid contract. ...........................4

        B.      Ms. Omokwale has failed to plead a breach of any valid contract. ...............................6

II.     To the extent Ms. Omokwale's claim is really an allegation of failure to accommodate
        under the ADA or the RA, she also fails to state such a claim because she does not allege
        that she is a qualified individual with a disability, that the University knew the
        consequential limitations of her disability, or that the University failed to make a
        reasonable accommodation. .................................................................................................7

CONCLUSION...............................................................................................................................12

CERTIFICATE OF SERVICE .......................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................2, 3

*Bardwell v. Wal-Mart Stores Inc.*,
    32 F. App'x 127 (5th Cir. 2002) ...........................................................................................8

*Beavers v. Metro. Life Ins. Co.*,
    566 F.3d 436 (5th Cir. 2009).................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................3

*Benavides v. Tex. Dep't of Fam. and Protective Servs.*,
    No. 1:20-cv-1218-RP, 2022 WL 395981 (W.D. Tex. Feb. 9, 2022)....................................8

*Brown v. Tex. Christian Univ. Bd. of Trustees*,
    No. 4:15-CV-791-Y, 2016 WL 4368303 (N.D. Tex. Aug. 16, 2016)...................................5

*Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*,
    633 F. App'x 214 (5th Cir. 2015) ................................................................................. 10, 11

*Dark v. Potter*,
    No. 1:05-CV-293, 2007 WL 2385135 (E.D. Tex. Aug. 17, 2007),
    *aff'd*, 293 F. App'x 254 (5th Cir. 2008) ...............................................................................9

*DDH Aviation, L.L.C. v. Holly*,
    No. Civ.A. 302CV2598R, 2004 WL 2434247 (N.D. Tex. Oct. 29, 2004) ...........................3

*Delano-Pyle v. Victoria Cnty., Tex.*,
    302 F.3d 567 (5th Cir. 2002).................................................................................................7

*Doe 1 v. Baylor Univ.*,
    240 F. Supp. 3d 646 (W.D. Tex. 2017) .................................................................................5

*Doe v. Texas A&M Univ.*,
    No. H-21-3728, 2022 WL 5250294 (S.D. Tex. Oct. 6, 2022)...................................... 7, 8, 11

*Dutcher v. Ingalls Shipbuilding*,
    53 F.3d 723 (5th Cir. 1995)...................................................................................................8

*Fort Worth Indep. Sch. Dist. v. City of Fort Worth*,
    22 S.W.3d 831 (Tex. 2000)................................................................................................5, 6

*Francois v. Our Lady of the Lake Hospital, Inc.*,
    8 F.4th 370 (5th Cir. 2021)...................................................................................................7

*Hogan v. Southern Methodist Univ.*,
    595 F. Supp. 3d 559 (N.D. Tex. 2022) (Starr, J.) ...............................................................3, 6

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*,
    995 F. Supp. 2d 587 (N.D. Tex. 2014)...............................................................................3, 4

*Knighton v. Univ. of Tex. at Arlington*,
    No. 4:18-cv-00792-P, 2020 WL 1493554 (N.D. Tex. Mar. 27, 2020) ....................... 10, 11

*Lee v. Dallas Cnty.*,
    No. 3:19-cv-2690-L, 2020 WL 7388602 (N.D. Tex. Dec. 16, 2020) ................................. 9, 10, 11

*Melton v. Dallas Area Rapid Transit*,
    391 F.3d 669 (5th Cir. 2004)...............................................................................................7

*Morris v. JP Morgan Chase Bank, N.A.*,
    No. EP–12–CV–358–PRM, 2013 WL 8476110 (W.D. Tex. Jan. 29, 2013) ......................6

*Prew v. Llano Indep. Sch. Dist.*,
    No. A–13–CA–144–SS, 2013 WL 3994188 (W.D. Tex. Aug, 2, 2013) ...........................12

*Provision Group, Inc. v. Crown Toxicology, Ltd.*,
    No. 5:16–CV–1291–DAE, 2017 WL 11221433 (W.D. Tex. Oct. 19, 2017) ................ 3, 4, 5, 6

*Smith v. Harris Cnty., Tex.*,
    956 F.3d 311 (5th Cir. 2020)................................................................................................8, 10

*Taylor v. Principal Financial Group, Inc.*,
    93 F.3d 155 (5th Cir. 1995)................................................................................................11

*Williams v. City of Richardson*,
    No. 3:16-CV-2944-L-BK, 2017 WL 4404461 (N.D. Tex. Sept. 8, 2017), *report and
    recommendation adopted*, No. 3:16-CV-2944-L, 2017 WL 4351535 (N.D. Tex. Sept.
    30, 2017) ............................................................................................................................9

*Windham v. Harris Cnty., Tex.*,
    875 F.3d 229 (5th Cir. 2017)................................................................................................7, 11

**Statutes**

29 U.S.C. §§ 701–797 (RA)....................................................................................................8

29 U.S.C § 794(a) ...................................................................................................................7

42 U.S.C. § 12102(1)..............................................................................................................8

42 U.S.C. § 12102(2)(A) ...........................................................................................................8

42 U.S.C. § 12111(9) .............................................................................................................12

42 U.S.C. §§ 12131–12134 (ADA) .........................................................................................7

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ...........................................................................................................2

## SUMMARY OF ARGUMENT

Plaintiff Daniela Omokwale's state court Petition ("Petition") alleges a single claim of breach of contract against Defendant Baylor University – Louis Herrington School of Nursing (the "University" or "Baylor") claiming the University entered into a contract with her to accommodate her disability of rheumatoid arthritis and failed to live up to its contractual obligations to accommodate her disability. Although the Petition asserts a claim for breach of contract, in reality, Ms. Omokwale seeks to hold Baylor liable for failing to accommodate her alleged disability under the Americans with Disabilities Act (ADA) or Section 504 of the Rehabilitation Act (RA). But regardless of how her claim is couched, she has failed to state a claim. Any breach of contract claim should be dismissed because she fails to plausibly plead the existence of a valid contract and further fails to sufficiently plead how Baylor breached any such contract. Any claim under the ADA and RA should be dismissed because she fails to allege that she is a qualified individual with a disability, that the University knew the consequential limitations of her disability, or that the University failed to make a reasonable accommodation. For these reasons, as further explained below, Ms. Omokwale's case should be dismissed.

## RELEVANT FACTUAL ALLEGATIONS[1]

Daniela Omokwale was a nursing student at Baylor. Ms. Omokwale alleges that while she was a student, the University "failed to accommodate [her] disability of rheumatoid arthritis." ECF No. 1-1, Ex. A-2 at ¶ 8.

Ms. Omokwale alleges that a contract was created between herself and the University on or about January 11, 2021, in which the University would accommodate her disability of rheumatoid arthritis (the "Contract"). *Id.* at ¶¶ 6, 8. Ms. Omokwale states that the Contract "consists partly of

---

[1]    Unless otherwise noted, the factual allegations set forth herein are taken from Ms. Omokwale's Petition (ECF No. 1-1, Ex. A-2) and are presumed to be true for the purpose of this Motion.

several written documents including, but not limited to: tuition agreement, enrollment agreement, and partly of oral promises made either expressly or implicitly" by the University. *Id.* at ¶ 6. Ms. Omokwale does not attach the Contract documents to her Petition and makes no specific allegations as to what these documents making up the Contract specifically state or specifically require of the University with respect to her alleged disability. Ms. Omokwale's purported obligations under the Contract were to pay tuition and attend classes and clinicals, while the University allegedly obligated itself to "accommodate [her] disability appropriately." *Id.* at ¶ 10.1. Ms. Omokwale does not explain what would be considered appropriate accommodations under the Contract or how the University allegedly failed to appropriately accommodate her alleged disability. She alleges she disclosed her disability to the University "prior to applying to and being accepted into [the University's] nursing program," but does not allege any specific facts supporting such an allegation. *Id.* at ¶ 8. Ms. Omokwale claims that she "repeatedly requested that [the University] accommodate her disability," but again provides no details as to when, how, or to whom she made such requests. *Id.* at ¶ 9.

Ms. Omokwale states that the University "breached the Contract by failing [sic] accommodate [her] disability." ECF No. 1-1, Ex. A-2 at ¶ 10.3. She alleges that because the University failed to accommodate her disability, she failed her clinicals. *Id.* at ¶ 8. Ms. Omokwale provides no specific instances of when or how the University failed to accommodate her disability. She alleges, however, that the "Office of Civil Rights" investigated and "found that [the University] did deny [her] right to be accommodated for her disability." *Id.* at ¶ 9. Although she indicates that the Office of Civil Rights' finding is attached to her Petition, she did not actually attach the finding. *Id.* Moreover, she does not indicate which "Office of Civil Rights" she is referring to.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face." *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id.* (citation omitted). Although a court must accept well-pleaded facts as true, neither conclusory allegations nor "legal conclusions masquerading as factual conclusions" are entitled to a presumption of truth. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *see also Iqbal*, 556 U.S. at 678–79, 681. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT AND AUTHORITIES

**I.      Ms. Omokwale's breach of contract claim against the University should be dismissed because she fails to plead the existence of a valid contract and fails to plead a specific breach of that contract by the University.**

Under Texas law, the essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance tendered by the plaintiff; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff as a result of the breach. *Hogan v. Southern Methodist Univ.*, 595 F. Supp. 3d 559, 564 (N.D. Tex. 2022) (Starr, J.); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014). "The necessary elements of both written and oral contracts are the same and must be present for a contract to be binding." *Provision Group, Inc. v. Crown Toxicology, Ltd.*, No. 5:16–CV–1291–DAE, 2017 WL 11221433, at *3 (W.D. Tex. Oct. 19, 2017). In order to show the existence of a valid contract, the plaintiff must show the following five elements: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding. *DDH Aviation, L.L.C. v. Holly*, No. Civ.A.

3

302CV2598R, 2004 WL 2434247, at *2 (N.D. Tex. Oct. 29, 2004). Moreover, in order to sufficiently plead a breach of the contract so as to withstand a motion to dismiss, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602. The "[p]laintiffs must provide enough factual allegations to draw the reasonable inference that the elements exist." *Id.* at 603. Here, the University moves to dismiss because Ms. Omokwale fails to sufficiently plead the existence of a valid contract or how the University allegedly breached such a contract.

### A.    Ms. Omokwale has failed to plead the existence of a valid contract.

Ms. Omokwale fails to show the existence of a valid contract because she fails to plead with specificity what the terms of the offer were, an acceptance of those terms, a meeting of the minds, each party's consent to the terms, or any details about the execution of the alleged Contract. Instead, Ms. Omokwale vaguely claims that the Contract consists of a number of undefined documents and oral agreements without so much as any explanation regarding their terms (other than the vague agreement to accommodate her disability), acceptance of those terms, any meeting of the minds or consent to the terms, or details regarding their execution. These allegations are insufficient to state a breach of contract claim.

For example, in *Provision Group, Inc. v. Crown Toxicology, Ltd.*, the plaintiff alleged breach of contract in the complaint based on an oral contract to perform marketing services. *Provision Group, Inc.*, 2017 WL 11221433, at *3. The plaintiff's initial pleading merely alleged that the parties were engaged in a contract to perform marketing services in exchange for advertisement and that the plaintiff fully performed under the contract. *Id.* The court dismissed the breach of contract claim because the plaintiff failed to plead any facts in the initial pleading related to "(1) whether there was an offer and acceptance between the parties, (2) the material terms of the contract besides, broadly, the provision of 'commissions based marketing services,' (3) whether the parties consented to such terms, and (4)

4

whether there is any evidence to indicate that the parties intended an agreement, if at all, to be mutually binding." *Id.* at *4. The court found that "the material terms of the alleged oral contract, as pled in the complaint, are overly broad, cursorily explained in one sentence, and insufficiently definite, which does not allow the Court to understand the parties' obligations." *Id.* (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000)); *see also Doe 1 v. Baylor Univ.*, 240 F. Supp. 3d 646, 668 (W.D. Tex. 2017) (dismissing plaintiffs' breach of contract claim where "[p]laintiffs do not identify the terms or obligations of the purportedly breached contract, nor do they suggest what document or documents comprise that contract").

Like in *Provision Group*, Ms. Omokwale fails to allege facts that showed a valid contract. On the contrary, Ms. Omokwale merely makes the bare and conclusory assertion that the parties "entered into a valid and enforceable contract." ECF No. 1-1, Ex. A-2 at ¶ 10.1. She does not state what the terms of the alleged Contract are other than to vaguely allege that the University agreed it "would accommodate [her] disability appropriately." *Id.*. The material terms such as what is considered an "appropriate" accommodation under the Contract are unclear, meaning that Ms. Omokwale failed to show what the terms of the offer were, that there was acceptance by the University of these terms, and that there was a meeting of the minds for the parties about those terms. In addition, there is no allegation in the Petition that the parties both consented to the terms or that the parties intended to make the agreement binding.[2] In fact, she does not even state how the Contract was executed or who executed this Contract on behalf of the University. Ms. Omokwale's pleadings regarding the terms of the Contract in the Petition are therefore "overly broad, cursorily explained […], and insufficiently

---

[2]      While Ms. Omokwale claims the contract consists of written documents like a "tuition agreement" and "enrollment agreement," the University notes that under Texas law, "courts have found no intent to be bound—and thus no contract—when a university handbook or bulletin contains an express disclaimer of a contract within the document." *Brown v. Tex. Christian Univ. Bd. of Trustees*, No. 4:15-CV-791-Y, 2016 WL 4368303, at *6 (N.D. Tex. Aug. 16, 2016). Because Ms. Omokwale's pleading is so vague as to what constitutes the "tuition agreement" or "enrollment agreement," the University is entirely unable to determine whether the documents referenced even express an intent to be bound by contract.

definite" to show what the obligations of the parties were under the Contract. *See Provision Group, Inc.*, 2017 WL 11221433, at *4 (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000)). Because Ms. Omokwale failed to show any of the elements for creating a valid and enforceable contract, her claim should be dismissed.

### B.    Ms. Omokwale has failed to plead a breach of any valid contract.

Even if Ms. Omokwale had pleaded the existence of a valid contract, her breach of contract claim should still be dismissed because she likewise failed to plead sufficient factual allegations to draw the reasonable inference that the University breached the contract. In order to survive a motion to dismiss for a breach of contract claim, the plaintiff must identify specific provisions in the contract that were breached.  *See Hogan*, 595 F. Supp. 3d at 564–66 (dismissing breach of contract claim based on publications, documents, and materials provided by the university to the plaintiff during the application process where plaintiff failed to point to any specific term in the contract that guaranteed in-person education to show breach); *Morris v. JP Morgan Chase Bank, N.A.*, No. EP–12–CV–358–PRM, 2013 WL 8476110, at *5 (W.D. Tex. Jan. 29, 2013) (dismissing breach of contract claim for failure to state a claim where the plaintiff failed to show defendants breached the contract because the "[p]laintiffs do not identify any specific contract provisions that may have been violated").

Here, Ms. Omokwale states that the Contract "provided that [the University] would accommodate [her] disability appropriately," but she makes no claim about what the Contract specifically required of the University or what provision of the Contract was specifically breached. ECF No. 1-1, Ex. A-2 at ¶ 10.1. In addition, Ms. Omokwale's allegation that the University "breached the Contract by failing [sic] accommodate [her] disability," is merely conclusory and fails to outline how the University failed to accommodate her disability. *Id.* at ¶ 10.3. Similar to *Hogan*, Ms. Omokwale merely alleges the documents created a right to accommodation, but fails to cite any specific contractual language in support of this allegation. As a result, Ms. Omokwale fails to provide sufficient

6

factual allegations to draw the reasonable inference that the University breached the Contract and her claim should be dismissed.

**II.     To the extent Ms. Omokwale's claim is really an allegation of failure to accommodate under the ADA or the RA, she also fails to state such a claim because she does not allege that she is a qualified individual with a disability, that the University knew the consequential limitations of her disability, or that the University failed to make a reasonable accommodation.**

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §§ 12131–12134. Likewise, under Section 504 of the RA, "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C § 794(a).

The close relationship between Section 504 of the RA and the ADA means that "jurisprudence interpreting either section is applicable to both." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (citation omitted); *see also Francois v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370, 377 (5th Cir. 2021) ("precedent interpreting or applying the ADA applies with equal force to a claim under the RA"). To state a discrimination claim under Section 504 of the RA and the ADA, a plaintiff must allege: (1) [plaintiff] is a qualified individual within the meaning of the ADA; (2) that [he or she] is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [his or her] disability. *Doe v. Texas A&M Univ.*, No. H-21-3728, 2022 WL 5250294, at *9 (S.D. Tex. Oct. 6, 2022) (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). A plaintiff under the ADA or RA may satisfy the third prong under a theory of failure to accommodate. *Windham v. Harris Cnty.,*

7

*Tex.*, 875 F.3d 229, 235 (5th Cir. 2017). In order to avoid dismissal of a failure to accommodate ADA or RA claim, the plaintiff must show (1) [he or she] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations. *Doe*, 2022 WL 5250294, at *10 (citing *Smith v. Harris Cnty., Tex.*, 956 F.3d 311, 317 (5th Cir. 2020)). Here, Ms. Omokwale fails to properly plead any part of her claim of failure to accommodate under the ADA or RA.

As to the first element, the ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1). A similar definition applies under the RA. *See Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725–26 n.4 (5th Cir. 1995) (noting "that [the ADA 42 U.S.C. § 12102] definition of "disability" is substantially equivalent to that in the RA, 29 U.S.C. §§ 701–797"). Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A); *see Dutcher*, 53 F.3d at 726 (stating that ADA definition of "major life activities" is the same under the RA). In order to show that an individual is a qualified individual with a disability, the plaintiff must show how the alleged impairment substantially limits one or more major life activities. *See Dutcher*, 53 F.3d at 725–26 ("A physical impairment standing alone, is not necessarily a disability as contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities."); *Bardwell v. Wal-Mart Stores Inc.*, 32 F. App'x 127, at *1 (5th Cir. 2002) (finding plaintiff was not a qualified individual under the ADA for failing to establish that her disability of rheumatoid arthritis or fibromyalgia substantially limited her in one or more major life activities where she maintained only that she had difficulty with household tasks). A plaintiff that fails to show how the alleged impairment substantially limits one or more major life activities faces dismissal when subject to a motion to dismiss. *See Benavides v. Tex. Dep't of Fam. and*

8

*Protective Servs.*, No. 1:20-cv-1218-RP, 2022 WL 395981, at *2–3 (W.D. Tex. Feb. 9, 2022) (dismissing failure to accommodate claim under the RA where plaintiff merely stated her disability and no other facts to show how the disability limited her work); *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL 4404461, at *8 (N.D. Tex. Sept. 8, 2017), *report and recommendation adopted*, No. 3:16-CV-2944-L, 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (dismissing for failure to allege in the complaint that the plaintiff's back injury was a disability or that it substantially limited a life activity when he alleged he could not sit for extended periods of time as it would aggravate the injury); *Dark v. Potter*, No. 1:05-CV-293, 2007 WL 2385135, at *5 (E.D. Tex. Aug. 17, 2007), *aff'd*, 293 F. App'x 254 (5th Cir. 2008) (granting motion to dismiss disability discrimination claim under ADA for failure of plaintiff to explain how bilateral carpal tunnel syndrome and a herniated disc substantially limited a major life activities like working).

Here, Ms. Omokwale has not properly pleaded that she is a qualified individual with a disability because aside from alleging that she has rheumatoid arthritis, she has not shown how her medical condition of rheumatoid arthritis has limited her major life activities or what type of accommodation she was specifically requesting of the University in order to improve her ability to work as a student in the nursing program. As a result, Ms. Omokwale has failed to properly plead she is a qualified individual with a disability for the purposes of making a claim for failure to accommodate under the ADA or RA.

Even if Ms. Omokwale had sufficiently pleaded she is a qualified individual with a disability, her ADA and RA claims still fail because she does not adequately allege that the disability was known by the University or that the University failed to make reasonable accommodations. In order to properly plead that an institution knew of their disability and consequential limitations, the plaintiff must allege that "they identified their disability as well as the resulting limitations to a[n] entity or its employees and requested an accommodation in direct and specific terms." *Lee v. Dallas Cnty.*, No. 3:19-

9

cv-2690-L, 2020 WL 7388602, at *8 (N.D. Tex. Dec. 16, 2020) (citation omitted). Where there is no "allegation of knowledge of the resulting limitation from the disability, nor an allegation that [p]laintiff requested an accommodation in direct and specific terms" such a claim is properly dismissed. *Lee*, 2020 WL 7388602, at *8 (holding plaintiff failed to state a claim for failure to accommodate under the ADA and RA because plaintiff failed to request the accommodation in direct and specific terms when he told defendant officials of pain in knees and made no mention of the resulting limitation); *see also Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x 214, 216 (5th Cir. 2015) (affirming motion to dismiss plaintiff's claim for failure to provide a reasonable accommodation under the ADA and RA because plaintiff "never alleges that he provided the School with any information about his disability beyond his diagnosis"); *Knighton v. Univ. of Tex. at Arlington*, No. 4:18-cv-00792-P, 2020 WL 1493554 at *6 (N.D. Tex. Mar. 27, 2020) (granting motion to dismiss on ADA failure to accommodate claim where plaintiff "relies on vague and conclusory assertions that [defendant] was 'aware of the disability' and that 'she disclosed it to them on many occasions'"). Furthermore, in the absence of adequate allegations regarding knowledge, a plaintiff may only defeat a 12(b)(6) motion if the limitation and necessary reasonable accommodation "were open, obvious, and apparent to the entity's relevant agents." *Lee*, 2020 WL 7388602, at *8 (citing *Smith*, 956 F.3d at 318).

Like in *Choi* and *Knighton*, Ms. Omokwale has failed to plausibly allege that her disability and its consequential limitations were known by the University. Her initial pleading only states in conclusory fashion that she "disclosed" her disability to the University generally prior to applying, and "repeatedly requested" accommodation. ECF No. 1-1, Ex. A-2 at ¶ 8. But these allegations fail to show that Ms. Omokwale made the University aware of the *limitations* of her disability. *See Choi*, 633 F. App'x at 216 ("'it is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability … because the ADA requires employers to reasonably accommodate limitations, not

10

disabilities.'") (quoting *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 164 (5th Cir. 1995)). Her allegations also fail to satisfy the requirement that she requested accommodations in direct and specific terms or that her disability and the necessary reasonable accommodations were open, obvious, and notorious to the University. As a result, Ms. Omokwale has failed to sufficiently plead that her disability and its consequential limitations were known by the University. *See Choi*, 633 F. App'x at 216 (affirming dismissal of plaintiff's claim for failure to provide a reasonable accommodation under the ADA and RA because plaintiff failed to show that his disability and its consequential limitations were known by the school); *Knighton*, 2020 WL 1493554 at *6 (granting motion to dismiss on ADA failure to accommodate claim where plaintiff failed to plead the disability and its consequential limitations were known to the defendant in her complaint); *see also Lee*, 2020 WL 7388602 at *8 (dismissing ADA and RA claim for failure to accommodate where plaintiff failed to plead the disability and its consequential limitations were known to the defendant).

Finally, the plaintiff must allege facts that show the defendant failed to make the reasonable accommodation. In the Fifth Circuit, "[w]here the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer [or university], … the initial burden rests primarily upon the employee [or student] … to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Taylor*, 93 F.3d at 165; *see also Choi*, 633 F. App'x at 216 (applying principles regarding an employer's knowledge of a disability and its consequential limitations to claims by student in the university context); *Doe*, 2022 WL 5250294 at *10 (same); *Knighton*, 2020 WL 1493554 at *5 (stating that in the context of a student challenging a university for failure to accommodate, "a plaintiff must 'specifically identify the disability and resulting limitations [and] request an accommodation in direct and specific terms'") (citing *Windham*, 875 F.3d at 237).

11

In *Prew v. Llano Independent School District*, for example, the court dismissed the plaintiff's failure to accommodate claim under the ADA and RA because the plaintiff "[did] not identify any particular accommodation she needed, requested, or was denied" and as a result the "complaint thus wholly fails to give [defendant] even basic notice of what accommodations it is alleged to have failed to provide." *Prew v. Llano Indep. Sch. Dist.*, No. A–13–CA–144–SS, 2013 WL 3994188, at *2 (W.D. Tex. Aug, 2, 2013). As in *Prew*, Ms. Omokwale does not identify any particular accommodation she needed, requested, or was denied. On the contrary, she merely alleges in conclusory fashion that she requested accommodations and those requests were denied. And even though Ms. Omokwale pleads some undefined "Office of Civil Rights" found that the University denied "her right to be accommodated for her disability," Ms. Omokwale does not state in her Petition what accommodation she was seeking from the University or any information about how the University denied a request for accommodation. *See* ECF No. 1-1, Ex. A-2, at ¶ 9. The mere allegation that the University failed to accommodate her disability does not put the University on even basic notice of what accommodations it is alleged to have failed to provide to Ms. Omokwale. As a result, Ms. Omokwale has failed to state a claim for failure to accommodate under the ADA and RA and the claim should be dismissed.

## CONCLUSION

Ms. Omokwale's Petition fails to state a claim for breach of contract because it fails to adequately plead the existence of a valid contract or how it was breached. To the extent her claims are really claims for failure to accommodate under the ADA or RA, those claims likewise fail because she does not plausibly allege that she is a qualified individual with a disability, that the University knew the consequential limitations of her disability, or that the University failed to make a reasonable accommodation. For the reasons outlined in this motion, the University respectfully requests that the Court dismiss Ms. Omokwale's case.

Respectfully submitted,

/s/    Adam Rothey
CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

EMILY C. ADAMS
eadams@thompsonhorton.com
State Bar No. 24131209

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
972-853-5115 Telephone
972-692-8334 Facsimile

*Attorneys for Defendant*
*Baylor University – Louise Herrington School of*
*Nursing*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading has been served upon counsel for all parties via the Court's e-filing system or email on March 2, 2023.

Marianne Howland
DUFFEE + EITZEN LLP
4311 Oak Lawn Avenue
Suite 600
Dallas, Texas 75219

/s/    Adam Rothey
K. ADAM ROTHEY

13