UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIELA OMOKWALE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-CV-0354-X |
| BAYLOR UNIVERSITY – LOUISE | § | |
| HERRINGTON SCHOOL OF | § | |
| NURSING, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Baylor University – Louise Herrington School of Nursing's ("Baylor") motion to dismiss. (Doc. 19). Having carefully reviewed the motion, the applicable law, and Plaintiff Daniela Omokwale's First Amended Petition for Breach of Contract, the Court concludes that Omokwale has failed to plausibly allege a breach-of-contract claim. Accordingly, the Court **GRANTS** Baylor's motion to dismiss (Doc. 19) and **DISMISSES WITHOUT PREJUDICE** Omokwale's breach-of-contract claim.

## I. Background

Omokwale was a nursing student at Baylor who suffers from rheumatoid arthritis.[1] She requested academic accommodations, which Baylor approved, including one and one-half times (150%) the standard time to complete any in-class assessments, such as tests, quizzes, and other timed assignments, and use of a

---

[1] Doc. 17 at 2.

computer for typing in-class notes and responses to short answers or essay questions as needed.[2]  Baylor's representative advised Omokwale that the accommodations do not apply to labs or clinicals.[3]  In Fall 2021, Omokwale did not receive the time and a half on timed assessments in her clinical courses and failed her clinicals.[4]  She brought suit in state court and Baylor removed the action to this Court.[5]

In her First Amended Petition for Breach of Contract, Omokwale alleges that she and Baylor had an enforceable contract—the Fall 2021 Student Handbook—which Baylor breached by failing to accommodate her disability.[6]  Baylor filed the present motion to dismiss Omokwale's First Amended Petition for Breach of Contract because it contends (1) the student handbook expressly disclaims that it is a contract, and (2) Omokwale otherwise fails to demonstrate that the parties had a contract to provide accommodations in the clinical courses.[7]  The motion is ripe for the Court's consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[8]  The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a

---

[2] *Id.* at 3.

[3] *Id.* at 3–4.

[4] *Id.* at 4.

[5] Doc. 1.

[6] Doc. 17 at 2, 4–5.

[7] Doc. 19 at 11–17.

[8] Fed. R. Civ. P. 8(a)(2).

cause of action, supported by mere conclusory statements, do not suffice."[9]   For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10]   A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[11]   For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[12]   "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[13]

### III. Analysis

Omokwale alleges a breach-of-contract claim arising out of the Fall 2021 Student Handbook and Baylor's alleged failure to provide her academic accommodations in her clinicals.  Because the Fall 2021 Student Handbook expressly disclaims that it is a contract, and Omokwale has not demonstrated that she had a

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *Id.*

[12] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[13] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

3

contract with Baylor for accommodations during clinical courses, the Court concludes that Omokwale has failed to plausibly allege a breach-of-contract claim.

In Texas, a breach-of-contract plaintiff must allege: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach."[14]  And Texas courts require a contract to be sufficiently definite to enable courts to understand the parties' obligations.[15]  In her First Amended Petition for Breach of Contract, Omokwale alleges that she and Baylor had an enforceable contract—the Fall 2021 Student Handbook—which Baylor breached by failing to accommodate her disability.[16]  In recent cases, the Fifth Circuit addressed issues, somewhat similar to the present case, concerning whether certain universities, including Baylor, contracted with students for in-person education.[17]  In *King*, the Court determined that Baylor's Financial Responsibility Agreement was a valid contract and remanded the case for the district court to determine whether Baylor contracted with the plaintiff for on-campus services only.[18]  Importantly, the Fifth Circuit instructed the district court on remand to consider the circumstances surrounding the formation of the contract to determine whether the contract was for

---

[14] *Lewis v. Bank of Am.*, 343 F.3d 540, 545 (5th Cir. 2003).

[15] *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000).

[16] Doc. 17 at 2, 4–5.

[17] *King v. Baylor Univ.*, 46 F.4th 344, 356–65 (5th Cir. 2022); *Hogan v. S. Methodist Univ.*, 74 F.4th 371, 374–75 (5th Cir. 2023), certified question accepted (July 28, 2023).

[18] 46 F.4th at 356–65.

on-campus instruction alone, which might include documents akin to a student handbook.[19]

Here, Omokwale's First Amended Petition for Breach of Contract fails to establish the existence of a valid contract in the first instance.  Unlike in *King*, Omokwale alleges that the Fall 2021 Student Handbook *alone* constitutes a valid, enforceable contract for Baylor to provide her academic accommodations in her clinicals.[20]  But the student handbook, and the student policies and procedures it references, expressly disclaim that it constitutes a contract.  It states that "[t]he provisions of the Student Policies and Procedures do not constitute a contract, express or implied, between Baylor University and any applicant, student, student's family, or faculty or staff member.  Baylor reserves the right to change the policies, procedures, rules, regulations, and information at any time."[21]  And "Texas courts have held that a disclaimer such as [Baylor's] negates the existence of any implied contractual rights."[22]  This is especially true where, as here, the manual states that it is intended to provide guidelines only and does not create contractual rights.[23]

---

[19] *Id.* at 363–65 ("The Baylor course catalog's disclaimers and course modification statements . . . are also pertinent among the representations and circumstances surrounding King's agreement to the [Financial Responsibility Agreement].")

[20] Doc. 17 at 2, 4–5.

[21] *See* Doc. 19 at 13 (citing Student Policies and Procedures, at https://studentpolicies.web.baylor.edu/student-policies-and-procedures); Doc. 17-1 at 2 (explaining the Student Handbook and Student Policies and Procedures are used in conjunction to provide students with policies, guidelines, and general information).

[22] *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 863 (5th Cir. 1999) (citing *Figueroa v. West*, 902 S.W.2d 701, 704 (Tex. App.—El Paso 1995, no writ)).

[23] *Id.*  By contrast, in *King*, the plaintiff pointed to Baylor's Financial Responsibility Agreement, which stated, in relevant part, it was a promissory note agreement and described the

Therefore, the Fall 2021 Student Handbook's disclaimer "supports the presumption that [Baylor] did not intend for [the handbook] to create contractual rights."[24]   The circumstances surrounding the formation of a purported contract might include the Fall 2021 Student Handbook, but the student handbook alone does not constitute a valid, enforceable contract.

Moreover, "[i]n Texas, to show the existence of a valid contract, the plaintiff must show: "(1) an offer was made; (2) the other party accepted . . .; (3) the parties had a meeting of the minds . . .; (4) each party consented . . .; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding."[25] Here, Omokwale alleges she followed the procedure for support services laid out in the student handbook, and Baylor approved her accommodations request.  But her allegations fall short of establishing the required elements to show the existence of a valid contract for Baylor to provide her academic accommodations in her clinicals. Namely, the First Amended Petition for Breach of Contract fails to plausibly allege that the parties had a meeting of the minds, each party consented, and that the agreement was executed and delivered with the intent that it be mutual and binding as to clinicals.  Without more, the Court cannot say that Omokwale has plausibly alleged a breach-of-contract claim.[26]

---

parties' respective obligations—Baylor was obligated to provide the student with educational services in exchange for the student's promise to pay tuition, fees, and costs.  46 F.4th at 353.

[24] *Id.*

[25] *Box v. PetroTel, Inc.*, 33 F.4th 195, 202 (5th Cir. 2022).

[26] Omokwale's First Amended Petition for Breach of Contract brings solely a breach-of-contract claim.  Doc. 17.  Baylor, in its motion to dismiss, construes Omokwale's allegations as disability claims and then moves to dismiss them.  Omokwale does not respond nor address the potentiality for

## IV. Conclusion

Because Omokwale has not plausibly alleged the existence of a valid, enforceable contract between herself and Baylor for academic accommodations during her clinical courses, the Court concludes that she has failed to state a claim upon which relief can be granted.  Accordingly, the Court **GRANTS** Baylor's motion to dismiss (Doc. 19) and **DISMISSES WITHOUT PREJUDICE** Omokwale's breach-of-contract claim.  Omokwale has 28 days from the issuance of this order to replead her claims, with changes being limited to those defects this opinion identifies.

**IT IS SO ORDERED** this 10th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

disability claims in her response brief.  *See* Doc. 22.  Without more, the First Amended Petition for Breach of Contract also fails to plausibly state disability claims.